IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07-CR-30085-DWD |
| | ) |
| ANTHONY A. STARRETT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Now before the Court in this closed criminal case is Defendant Anthony A. Starrett's August 13, 2021 letter, which the Court construes as a motion to reduce sentence (Doc. 57). Defendant asks that his federal sentence be reduced to run concurrently to his pending Illinois state court sentence in Jackson County, Illinois case number 2014-CF-491.

On April 8, 2008, Defendant was sentenced fifty-seven months imprisonment, to be followed by five years of supervised release after pleading guilty to one count of possession of child pornography (Docs. 24, 27). Defendant's term of supervised release commenced on March 20, 2012 (Doc. 31). On November 18, 2014, Defendant was sentenced to a term of 30-years imprisonment for predatory criminal sexual assault of a child pursuant to an Illinois judgment entered in Jackson County, Illinois Case No. 2014-CR-491 (Doc. 53). On September 16, 2016, Defendant's supervised release was revoked, and the Court sentenced Defendant to eighteen months imprisonment to run consecutive to his undischarged sentence in the state court case (Docs. 52, 55).

Defendant now asks that the Court reduce his federal sentence to run concurrently with his state court sentence. However, Defendant has not specified under what authority the Court may act to reduce his sentence. "Once a district court imposes a criminal sentence, its authority to revisit that sentence is limited, and must be founded on a specific statute or rule." *United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009); *United States v. Hook*, 471 F.3d 766, 771 n.1 (7th Cir. 2006)).

The Court may entertain a motion to reconsider for a brief period after sentencing. *See United States v. Healy*, 376 U.S. 75 (1965); *United States v. Rollins*, 607 F.3d 500, 502-04 (7th Cir. 2010); *see also United States v. Hible*, --F.4th--, 2021 WL 4167264, at *1 (7th Cir. Sept. 14, 2021). Federal Rule of Criminal Procedure 35 also permits the correction of a sentence for clear error within 14 days after sentencing, or thereafter, upon the Government's motion. Fed. R. Crim. P. 35. Further, under 18 U.S.C. § 3582(c), the Court is allowed to consider a motion by the Bureau of Prisons or the defendant for compassionate release, a motion for a reduction based on a retroactive amendment to the guidelines, or a motion based on a statute, like the First Step Act, or Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. §§ 3582(c)(1)(A), (c)(2), (c)(1)(B); *in accord, United States v. Redd,* 630 F.3d 649, 650–51 (7th Cir. 2011). Finally, Defendant may also pursue a collateral attack under 28 U.S.C. § 2255, which is a civil proceeding. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).

Here, it is unclear to the Court that Defendant intends to pursue a collateral attack pursuant to 28 U.S.C. § 2255. Further, Defendant's motion does not fall under any of the

other exceptions authorized by statute or rule, and none of the above authorities allow the Court to revisit Defendant's sentence under the current circumstances. Accordingly, Defendant's Motion is **DISMISSED for lack of jurisdiction**.

**SO ORDERED.**

Dated:  October 12, 2021

_____
DAVID W. DUGAN
United States District Judge